IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ERCIL K. RAYFORD, #150772, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-0008 |
| | ) |
| DERRICK SCHOFIELD *et al.*, | ) Chief Judge Sharp |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Ercil Rayford's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

### II. Factual Allegations

The plaintiff brings this civil rights complaint against the Tennessee Department of Correction ("TDOC"), the Tennessee Board of Parole ("TBOP"), and numerous state officials in both their official and individual capacities. He alleges that the defendants have all failed and refused to calculate his sentences correctly and that they have been wrongfully detaining him against his will for more than two years. He alleges that he has exhausted all available administrative remedies, and he seeks relief in the form of

compensatory and punitive damages as well as immediate release from custody and the establishment of a "chart . . . to indicate how much time is actually served on each sentence." (ECF No. 1, at 23.)

### III.     Discussion

In *Muhammed v. Close*, 540 U.S. 749, 750 (2004), the Supreme Court observed that "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." The Sixth Circuit has confirmed that "[a] challenge to the duration of incarceration falls within the scope of a habeas corpus petition, while a request for money damages is evaluated under 42 U.S.C. § 1983." *Simpson v. Caruso*, 355 F. App'x 927, 929 (6th Cir. 2009) (citing *Muhammad*, 540 U.S. at 750)

The petitioner in this case attempts to pursue both avenues of relief simultaneously: He brings suit under § 1983 seeking damages arising from his false imprisonment, but he also challenges the validity of his continued confinement and demands immediate release from custody. The Supreme Court has recognized the existence of this type of case too: "Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release . . . ." *Muhammed*, 540 U.S. at 750–51. However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, where success in a prisoner's § 1983 damages action would implicitly call into question the validity of a conviction or the duration of a sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

Because the plaintiff very clearly signaled his intention to bring this lawsuit under 42 U.S.C. § 1983, the Court declines to construe it as brought under 28 U.S.C. § 2254 or § 2241. Instead, the Court will dismiss the plaintiff's complaint insofar as it demands release from custody, but without prejudice to the plaintiff's ability to bring a separate federal habeas corpus action challenging his continued confinement. To pursue such a claim, the plaintiff must, of course, demonstrate that he has properly exhausted his state court remedies, including any available appeals to the Tennessee Court of Appeals.

Moreover, the plaintiff's claim for damages arising from the alleged false imprisonment is premature under *Heck*, because relief in the form of damages for false imprisonment would necessarily

call into question the validity of the plaintiff's continued confinement. Under *Heck*, the plaintiff cannot obtain relief on his false-imprisonment claim until he establishes, through a habeas action or otherwise, that he is in fact being detained unlawfully. Further, because the plaintiff alleges that he continues to be unlawfully detained, the limitations period for the false-imprisonment claim has not yet begun to run. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (holding that the statute of limitations for a false imprisonment claim does not begin to run until the false imprisonment ends). The § 1983 false-imprisonment claim will therefore be dismissed without prejudice to the plaintiff's ability to seek to reopen this case if his pursuit of habeas corpus relief is successful.

An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court